

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JULIE ANN ROMERO,<br><br>Defendant. | Case No.  CR 24-570-WLH-17<br><br>ORDER OF DETENTION |

I.

On October 2, 2024, Defendant Julie Ann Romero made her initial appearance on the Indictment filed in this matter. Robert Rexrode, a member of the Indigent Defense Panel, was appointed to represent Defendant. The government was represented by Assistant United States Attorney Bruce Riordan. Defendant submitted on the recommendation of detention in the report prepared by U.S. Probation and Pretrial Services.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of

the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the information presented at the hearing, the arguments of counsel, and the report and recommendation prepared by U.S. Probation and Pretrial Services.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ Information regarding Defendant's background is unverified.
- ☒ Lack of bail resources
- ☒ Defendant is associated with multiple names, aliases and date of birth.
- ☒ History of parole violations
- ☒ Defendant's driver's license is expired
- ☒ The Indictment charges Defendant with conspiracy to possess with intent to distribute controlled substances and one count of possession with intent to distribute fentanyl.
- ☒ Substance use history
- ☒ Unrebutted Presumption.

As to danger to the community:

- ☒ Allegations in the Indictment (see above)
- ☒ Criminal History includes multiple felony convictions (including for narcotics related offenses), felony convictions for grand theft, and multiple law enforcement contacts, including parole violations
- ☒ Substance use history
- ☒ Unrebutted Presumption.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: October 2, 2024

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE