Robert H. Rexrode
California Bar No. 230024
Law Offices of Robert H. Rexrode
3991 Cleveland Ave., No. 34040
San Diego, Ca. 92163
(619) 630-4435
robert_rexrode@rexrodelawoffices.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(HONORABLE WESLEY L. HSU)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JULIE ANN ROMERO (17),<br><br>　　　　　Defendant. | Case No.: 24cr00570-17-WLH<br><br>Date: November 9, 2023<br>Time: 9:00 a.m.<br><br>SENTENCING MEMORANDUM |

## I. Introduction

Counsel requests a sentence of 36 months in prison. This represents a variance of approximately two levels from Ms. Romero's advisory guideline range. Under the circumstances this is both a reasonable and sufficient sentence.

## II. History & Characteristics of Ms. Romero

Ms. Romero has a long unhappy history of substance abuse and non-violent crimes associated with that abuse. Presentence Report (PSR) at 26 ¶¶ 190-197;15-

23. The product of a difficult childhood, Ms. Romero began abusing alcohol at age eight and drugs by age eleven. *Id*. at 26 ¶¶ 190-191. Her addictions have led her spend time in custody, lose custody of a child, and be the victim of terrible sexual abuse. *Id*. at 190-152, 24 ¶¶ 176 and 175. Despite this, Ms. Romero "has experienced periods of sobriety throughout her life." *Id*. at 26 ¶ 197. It is during these periods of sobriety that Ms. Romero continued her education and worked to help others become sober. *Id*. at 26 ¶ 199, 27 ¶ 203. And as the Probation Officer observes her recommendation letter, Docket No. 1134 at 5, a now-sober Ms. Romero:

> seems to have a plan for herself and her future. She is looking forward to relocating to Arizona where she can care for her aging former in-laws. She is also looking forward to putting distance between herself and her local negative influences and associations. Romero plans to obtain her bachelor's degree and would ultimately like to open a foundation for those struggling with addiction and/or mental health conditions. Romero is passionate about helping others who struggle with addiction.

### III. Circumstances of Offense

Counsel concurs with the factual overview of Ms. Romero's offense in the Presentence Report. PSR at 11-12 ¶¶ 104-106. Ms. Romero was instructed to move a bag, which turned out to contain fentanyl, from one residence to another. *Id*. Notably, Ms. Romero was unaware of the type and quantity of the drugs involved in this transportation until after the fact.

## IV. Sentencing Guidelines

Ms. Romero agrees in whole with the sentencing guideline calculations submitted by the Government. PSR at 4; Gov't Memo. at 2-4.

Ms. Romero substantially agrees with the sentencing guideline calculations submitted by Probation, but parts company when it comes to her criminal history category and eligibility for relief from the minimum-mandatory sentence under the Safety Valve provision. PSR at 4; *see also* Docket No. 1200 (Ms. Romero's Objections to Presentence Report).

Ms. Romero's Base Offense Level is 34. USSG 2D1.1 (c)(3). Due to application of a minimal role adjustment, this is reduced to 31. *Id*. at (a)(5)(A)-(B). A two-level downward adjustment based on Safety Valve is warranted. *Id*. at (b)(18). So too is a four-level downward adjustment based on Ms. Romero's role in the offense. USSG § 3B1.2(a). Last, a three-level downward adjustment based on Ms. Romero's acceptance of responsibility applies. USSG § 3E1.1(a)-(b). This results in an Adjusted Offense Level of 22. Ms. Romero is in Criminal History Category II. *See* Gov't Memo. at 3-4; Docket No. 1200. This category, at a level 22, results in a guideline range of 46-57 months. USSG, Chapt. 5, Pt. A, Sentencing Table.

//

//

## V.  Additional Sentencing Considerations

The Court must of course consider sentences received by similarly situated defendants. In the case of fentanyl sentencings, it is difficult to determine a precise match to Ms. Romero's situation. Only three people who share Ms. Romero's specific Adjusted Offense Level and Criminal History Category appear in the Sentencing Commission's most recent statistics. *See* Attachment A (JSIN report for fentanyl sentencings for those in Criminal History Category II, Adjusted Offense Level 22). While all three received low-end sentences of 46 months, *see id.*, a total of three people appears to be statistically insignificant. A much larger sample size—those with the same Adjusted Offense Level but a Criminal History Category I—have received substantially lower sentences than that called for by the guidelines. *See* Attachment B (JSIN report for fentanyl sentencings for those in Criminal History Category I, Adjusted Offense Level 22) (pool of 96 defendants who, on average, received a sentence less than half that called for by the guidelines). Given this mixed data from the Sentencing Commission, and the modesty of Ms. Romero's requested variance, a sentence of 36 months here would not lead to unwarranted sentencing disparities.

And Ms. Romero's actual guideline range would decrease by one level this November. The Sentencing Commission has submitted its proposed amendments to the guidelines that will take effect in November 2025. Relevant to Ms. Romero,

the Sentencing Commission is amending USSG 2D1.1 in a way that would drop Ms. Romero's offense level from 31 to 30. *See* Attachment C (proposed amendment to USSG § 2D1.1 (a)(5). Currently, those who receive a minimal participant adjustment have their offense level under 2D1.1 capped at 32. USSG § 2D1.1 (a)(5). Come November, however, those who receive a minimal participant adjustment have their offense level under 2D1.1 capped at 30. *See* Attachment C (proposed amendment to USSG § 2D1.1 (a)(5). This would impact Ms. Romero's offense level under 2D1.1. Currently, Ms. Romero's offense level under 2D1.1 is 31. PSR at 12 ¶ 115. But as all parties agree a minimal role adjustment is appropriate for Ms. Romero, come November, that offense level would drop a level to 30: "If the resulting offense level is greater than level 30 and the defendant receives the 4-level reduction in §3B1.2(a), decrease to level 30." *See* Attachment C (proposed amendment to USSG § 2D1.1 (a)(5).)

     Last, Ms. Romero asks the Court to consider her age. She is 60. PSR at 2. She is not in great health. *Id*. at 25 ¶ 182. She hopes to help to care for her former in-laws when released, both of whom are obviously considerably older than her. *Ibid*. at ¶ 180. Ms. Romero is essentially asking for a year-long variance from her guideline range. A year means more to the young and the old—a year is a larger percentage of a young person's life and a larger percentage of those years left for those entering the twilight of their life.

**VI.    Conclusion**

Ms. Romero requests a sentence of 36 months. This should be followed by three years of supervised release.

Date: June 6, 2025                           /s *Robert H. Rexrode*
                                             Robert H. Rexrode