make physical contact with a victim (*e.g.*, pistol whip; firearm placed against victim's body)."

To further promote consistency in application of offense guidelines with similar specific offense characteristics, the amendment makes parallel changes to two Chapter Two guidelines with "physically restrained" and "otherwise used" enhancements: §§2B3.2 (Extortion by Force or Threat of Injury or Serious Damage) and 2E2.1 (Making or Financing an Extortionate Extension of Credit; Collecting an Extension of Credit by Extortionate Means). The amendment does not make parallel changes to §3A1.3 (Restraint of Victim), which also uses the term "physically restrained" but differs from §2B3.1(b)(4)(B) in other respects. No inferences as to the scope of that Chapter Three adjustment should be drawn from this amendment.

> *Part B – Circuit Conflict Concerning Meaning of "Intervening Arrest" in §4A1.2(a)(2)*

Part B of the amendment addresses a circuit conflict over whether a traffic stop is an "intervening arrest" for purposes of determining whether multiple prior sentences should be "counted separately or treated as a single sentence" when assigning criminal history points ("single-sentence rule") under §4A1.2(a)(2).

The Third, Sixth, Ninth, and Eleventh Circuits have held that a formal, custodial arrest is required, and that a citation or summons following a traffic stop does not qualify. *See* United States v. Ley, 876 F.3d 103, 109 (3d Cir. 2017); United States v. Rogers, 86 F.4th 259, 264–65 (6th Cir. 2023); United States v. Leal-Felix, 665 F.3d 1037, 1041–42 (9th Cir. 2011) (en banc); United States v. Wright, 862 F.3d 1265, 1282 (11th Cir. 2017). By contrast, the Seventh Circuit has adopted a broad view of the term, holding that a traffic stop amounts to an intervening arrest. *See* United States v. Morgan, 354 F.3d 621, 624 (7th Cir. 2003).

After reviewing public comment and testimony, the Commission determined that a traffic stop should not be considered an "intervening arrest" for purposes of the single-sentence rule. The amendment revises §4A1.2(a)(2) to include that clarification.

2. **Amendment:**

   **Part A (Application of Mitigating Role Adjustment in Drug Trafficking Cases)**

   *Subpart 1 (Mitigating Role Provisions at §2D1.1(a)(5))*

   Section 2D1.1(a)(5) is amended by striking "the offense level specified in the Drug Quantity Table set forth in subsection (c), except that if (A) the defendant receives an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is (i) level 32, decrease by 2 levels; (ii) level 34 or level 36, decrease by 3 levels; or (iii) level 38, decrease by 4 levels. If the resulting offense level is greater than

level 32 and the defendant receives the 4-level ('minimal participant') reduction in §3B1.2(a), decrease to level 32" and inserting "the offense level specified in the Drug Quantity Table set forth in subsection (c), except that if (A) the defendant receives an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is (i) level 32, decrease by 2 levels; (ii) level 34, decrease by 3 levels; or (iii) above level 34, decrease to level 32. If the resulting offense level is greater than level 30 and the defendant receives the 4-level reduction in §3B1.2(a), decrease to level 30".

Section 2D1.1(b)(17) is amended by striking "('minimal participant')".

**Subpart 2 (Special Instruction Relating to §3B1.2)**

Section 2D1.1(e) is amended—

in the heading by striking "Instruction" and inserting "Instructions";

and by inserting at the end the following new paragraph (2):

"(2)   Application of §3B1.2 (Mitigating Role) to §2D1.1 Cases

    (A)   Determine whether an adjustment under §3B1.2 (Mitigating Role) applies.

    (B)   In addition to the circumstances identified in §3B1.2, an adjustment under §3B1.2 is generally warranted if the defendant's primary function in the offense was performing a low-level trafficking function.

        (i)   An adjustment under §3B1.2(a) is generally warranted if the defendant's primary function in the offense was plainly among the lowest level of drug trafficking functions, such as serving as a courier, running errands, sending or receiving phone calls or messages, or acting as a lookout; or

        (ii)   an adjustment under §3B1.2(b) is generally warranted if the defendant's primary function in the offense was performing another low-level trafficking function, such as distributing controlled substances in user-level quantities for little or no monetary compensation or with a primary motivation other than profit (*e.g.*, the defendant was otherwise unlikely to commit such an offense and was motivated by an intimate or familial relationship, or by threats or fear to commit the offense).

        For purposes of subsection (e)(2)(B), the provisions of §3B1.2 apply in determining whether a mitigating role adjustment is warranted, except that the adjustment shall apply regardless of whether the offense involved other participants in addition to the defendant, and regardless of whether